UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT MARC LEEDS,<br><br>                        Petitioner,<br>    v.<br>WARDEN BACA, et al.,<br><br>                       Respondents. | Case No. 3:15-cv-00261-LRH-VPC<br><br>ORDER |

This counseled habeas petition comes before the Court on respondents' motion to dismiss. (ECF No. 51). Petitioner has opposed (ECF No. 55), and respondents have replied (ECF No. 61). Respondents move to dismiss one of the petition's seventeen grounds as untimely and twelve of the grounds as unexhausted.

**I.    Background**

Petitioner herein challenges his state court convictions of one count of first-degree murder with use of a deadly weapon, one count of attempted murder with use of a deadly weapon, one count of battery with use of a deadly weapon resulting in substantial bodily harm, and burglary while in possession of a deadly weapon. (Ex. 69).[1] The convictions arose from an incident on November 26, 2005, in which petitioner killed William Scarborough, his ex-wife's new boyfriend, and caused injuries to Sally Lane, his ex-wife. (*See* Ex. 10).

---

[1] The exhibits cited in this order, which comprise the relevant state court record, are located at ECF Nos. 13-23, 36 and 38.

1

Petitioner's trial commenced on August 28, 2006, and concluded on September 13, 2006, with a jury verdict finding petitioner guilty of murder in the first degree with use of a deadly weapon, attempted murder with use of a deadly weapon, battery with use of a deadly weapon resulting in substantial bodily harm, and burglary while in possession of a deadly weapon. (Exs. 52, 68 & 69). Petitioner was sentenced on November 9, 2006, and judgment of conviction was entered on November 17, 2006. (Exs. 71 & 72).

Petitioner appealed, and the Nevada Supreme Court affirmed. (Exs. 73, 80 & 87). The Nevada Supreme Court denied rehearing and *en banc* consideration. (Exs. 89 & 96). Petitioner thereafter filed a petition for writ of habeas corpus in state court. (Ex. 100). Appointed counsel filed a supplemental petition. (Ex. 111). The trial court denied the petition, and petitioner appealed. (Ex. 116 & 117). A few months after the trial court's decision and before petitioner filed his opening brief, the Nevada Supreme Court issued its decision in *State v. White*, 330 P.3d 482 (2014), holding that one cannot burglarize a structure he has an absolute right to enter. In his opening brief, petitioner argued that under *White*, he could not have committed burglary as he had a right to enter the garage where the murder took place. (Ex. 120). The Nevada Supreme Court declined to consider the argument because it was raised for the first time on appeal. (Ex. 123).

Following the issuance of remittitur on his post-conviction appeal, petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C § 2254. The third amended petition is the operative petition in this case. (ECF No. 35).

**II.    Timeliness**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on petitions file pursuant to 28 U.S.C. § 2254. The limitation period begins to run after the date on which the judgment challenged became final by the conclusion of direct review or the expiration of the time for seeking such direct review,

///

///

2

unless it is otherwise tolled or subject to delayed accrual.[2] 28 U.S.C. § 2244(d)(1)(A). A claim in an amended petition that is filed after the expiration of the one-year limitation period will be timely only if the claim relates back to a timely filed claim pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as the timely claim. *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as prior timely claims merely because the claims all challenge the same trial, conviction or sentence. *Id.* at 655-64. Rather, under the construction of the rule approved in *Mayle*, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. *Id.* at 659 & n.5.

Respondents contend that Claim Two of the Third Amended Petition is untimely because it was not in petitioner's timely filed petitions and does not relate back to any of his timely claims.[3] Claim Two asserts that trial counsel was ineffective for failing to challenge the burglary charge and the felony murder theory on the ground that petitioner could not burglarize his own home. Although petitioner asserted the underlying substantive claim in his timely petitions -- *i.e.*, that the jury was improperly instructed that it could convict petitioner of first-degree murder based on the felony murder rule with burglary of petitioner's own home as the underlying felony – respondents argue that the allegation that trial counsel was deficient for failing to object is a factual assertion that is

---

[2] The statute of limitations may also begin to run from other events, § 2244(d), but petitioner does not argue that any of those provisions apply in his case.

[3] The parties agree that petitioner's original, first amended and second amended petitions were all timely filed.

3

different in time and type from the facts supporting petitioner's claims in the timely petitions and therefore Claim Two does not relate back.

Claim Two asserts that counsel was ineffective for failing to raise the substantive claim that petitioner could not burglarize his own home, which is itself a timely claim. The Ninth Circuit has held that a claim that counsel was ineffective for failing to argue a substantive claim shares a common core of operative facts with the substantive claim on which it is based. *See Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1296 (9th Cir. 2013). Pursuant to *Nguyen*, the Court concludes that Claim Two sufficiently relates back to petitioner's timely filed petitions and is therefore timely. The motion to dismiss Claim Two as untimely will be denied.

**III.  Exhaustion**

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest state court level of review available. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Respondents argue Claims One, Two, Three, Five, Six, Seven, Eight, Eleven, Thirteen, Fourteen, Fifteen and Seventeen are unexhausted.

///

### A. Claim One

In Claim One, petitioner asserts that "[t]he jury was improperly instructed that it could convict [petitioner] of first-degree murder based on the felony murder rule with burglary of [petitioner's] own home as the underlying felony, in violation of [petitioner's] rights to due process and to present a defense under the Fifth, Sixth, and Fourteenth Amendments." (ECF No. 35 at 16). Petitioner did not raise this argument on direct appeal or in his state habeas petition filed in the trial court. He did present it to the Nevada Supreme Court on appeal of the denial of his state habeas petition, but the Nevada Supreme Court declined to consider the claim because it was raised for the first time on appeal.

Petitioner argues that Claim One is exhausted but procedurally defaulted because it was presented in a procedural context in which it would be not considered. (ECF No. 55 at 9). However, raising a claim "for the first and only time in a procedural context in which its merits will not be considered" does not "fairly present" a claim and therefore does not exhaust it. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). The Nevada Supreme Court regularly declines consideration of claims presented for the first time on appeal, or in a brief other than the opening brief. *See Singer v. Chase Manhattan Bank*, 111 Nev. 289, 292, 890 F.2d 1305, 1307 (1995). Claim One is therefore unexhausted.

### B. Claim Two

In Claim Two, petitioner asserts: "Trial counsel was ineffective for failing to challenge the burglary charge and felony murder theory on the ground that [petitioner] could not burglarize his own home, in violation of [petitioner's] rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution." (ECF No. 35 at 22). Petitioner concedes that he has never raised this claim in the state courts and that the claim is therefore unexhausted.

### C. Claim Three

In Claim Three, petitioner asserts that the "trial court denied [petitioner's] due process and the effective assistance of counsel when it permitted the State to amend the

information to include new theories of liability and instructed the jury on those theories, in violation of [petitioner's] rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution." (ECF No. 35 at 23).

Respondents argue that Claim Three is partially unexhausted to the extent it asserts a claim that petitioner was deprived of his right to counsel or effective assistance of counsel. Petitioner asserts that he exhausted the claim because on direct appeal he argued that the late amendments deprived him of adequate time to defend against the new charges violating his federal constitutional rights under the Fifth, Sixth and Fourteenth Amendments. (ECF No. 55 at 23). Petitioner asserts that the claim was clearly reaffirmed when in the reply he argued that the amendments caused him "*Strickland* type prejudice." (*Id.* at 24).

Petitioner's direct appeal asserted that the amendments violated his right to defend and right to a fair trial and cited specifically the Sixth Amendment. He argued that, as a result of the late amendments, he did not have enough time to prepare a defense. (Ex. 80 at 21). The substance of petitioner's claim in Claim Three is that counsel could not effectively represent him -- *i.e.*, prepare a defense -- because of the late amendments. The right to effective assistance of counsel protects the defendant's right to receive a fair trial, which includes the right to defend. S*ee United States v. Cronic*, 466 U.S. 648, 661 (1984); *Herring v. New York*, 422 U.S. 853, 857 (1975). Petitioner thus presented the substance of his claim, in tandem with a citation to the appropriate federal constitutional guarantee, in his direct appeal to the Nevada Supreme Court. Petitioner fairly presented Claim Three to the Nevada Supreme Court, and Claim Three is therefore exhausted.

IV. Claim Five

In Claim Five, petitioner asserts: "The trial court forced [petitioner] to disclose interviews [petitioner] had with a psychiatrist, in violation of [petitioner's] right to counsel and privilege against self-incrimination under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution." (ECF No. 35 at 32). Respondents argue that Claim Five is unexhausted to the extent it asserts a violation of the petitioner's right

against self-incrimination. Petitioner cites Parts C and D of his direct appeal brief to argue that he exhausted the claim presented in Claim Five. (*See* ECF No. 55 at 27-28).

Part C asserted, in relevant part, that petitioner was compelled to take the stand because he had been precluded from introducing those statements by way of his expert. (Ex. 80 at 23-25). Part C related solely to the trial court's exclusion of the psychiatrist's testimony of petitioner's statements, not to the forced disclosure of the interviews and the prosecutor's subsequent use of them. Part C did not present a claim that petitioner's right to self-incrimination was violated by the disclosure of his interviews with the psychiatrist.

Part D asserted that the trial court erred by forcing defense counsel to disclose petitioner's interviews with his psychiatrist and that the prosecutor's subsequent use of the interviews violated petitioner's Fourth, Fifth, Sixth and Fourteenth Amendment rights to due process, a fair trial, and counsel. Specifically, the State asked the psychiatrist on the stand about telling petitioner during the interviews that his role was to help "present the best defense possible." (*Id.* at 29). Petitioner argued that the prosecution used this statement to "implicitly suggest[] a pre-ordained, manufactured psychiatric opinion" and thus violated his right to a fair trial. (*Id.*) Nothing in Part D suggested that disclosure of the interviews was problematic because of petitioner's own statements therein or that such resulted in a violation of petitioner's Fifth Amendment right against self-incrimination. The entirety of Part D related to the prosecution's use of the psychiatrist's own words. Thus, no claim that disclosure of the interviews violated petitioner's right against self-incrimination was ever presented to the state courts. Claim Five is therefore unexhausted.

V. Claim Six

In Claim Six, petitioner asserts that "[t]rial counsel failed to inform [petitioner] that his conversations with the psychiatrist could be used against him, in violation of his rights to the effective assistance of counsel and to remain silent under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution." (ECF No. 35 at 36). Petitioner concedes that Claim Six is unexhausted.

///

## VI. Claim Seven

In Claim Seven, petitioner asserts that the "prosecutors committed misconduct when they introduced privileged phone conversations between [petitioner] and his attorney, in violation of [petitioner's] right to due process and the effective assistance of counsel under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution." (ECF No. 35 at 37). In the body of Claim Seven, petitioner argues that the government "purposefully intruded into the attorney-client relationship, heard conversations about the defense strategy, and then used those conversations to its substantial advantage at trial." (*Id.* at 40).

Respondents argue that Claim Seven is partially unexhausted to the extent it asserts governmental interference because petitioner's argument before the Nevada Supreme Court concerned only the admission of the privileged statements, not any conduct by the government beforehand. Petitioner argues that he exhausted the entirety of Claim Seven on direct appeal.

On direct appeal, petitioner asserted the prosecutor engaged in misconduct when it introduced petitioner's privileged attorney-client communications during trial. (Ex. 80 at 21). Petitioner alleges the same thing here but adds an assertion that the government interfered in the attorney-client relationship in violation of the Sixth Amendment by listening to the conversations, learning about defense strategy, and introducing tainted evidence. (ECF No. 35 at 39-40). Regardless of this additional language, the substance of the claim asserted in this action is that the introduction of the statements petitioner made to his attorney violated his constitutional right to fair trial under the Sixth Amendment. This, fundamentally, is the same claim petitioner made on direct appeal. The Court therefore concludes that Claim Seven has been sufficiently exhausted.

## VII. Claim Eight

Claim Eight asserts that "[t]rial counsel was ineffective for failing to object to the admission of a privileged conversation between [petitioner] and his civil attorney, in violation of [petitioner's] right to the effective assistance of counsel under the Sixth and

8

Fourteenth Amendments to the United States Constitution." (ECF No. 35 at 40). Respondents argue that Claim Eight is unexhausted in its entirety. Petitioner never presented this claim to the Nevada Supreme Court, in either his direct appeal or his appeal from the denial of his state habeas petition. (*See* Exs. 80 & 120). Although the petition indicates otherwise, petitioner apparently concedes that this claim has not been exhausted. (ECF No. 55 at 33). Claim Eight is unexhausted.

VIII. Claim Eleven

In Claim Eleven, petitioner asserts that the "State failed to present sufficient evidence of the crimes charged, in violation of [petitioner's] rights under the Fifth and Fourteenth Amendments to the United States Constitution." (ECF No. 35 at 48). Respondents argue that Claim Eleven is partially unexhausted to the extent it asserts (1) the State failed to prove burglary because petitioner could not burglarize his own home and (2) the State failed to prove felony murder because it failed to prove burglary. Petitioner responds that the claim is exhausted because he argued sufficiency of the evidence as to both the burglary and felony murder counts on direct appeal.

Petitioner's claim that the burglary and felony murder charges were not proven because he could not burglarize his own home is a fundamentally different argument than what was presented to the state courts. To the state courts, petitioner argued there was insufficient evidence showing that he had entered the garage and thus neither the burglary charge nor the felony murder charge could be sustained. (Ex. 80 at 58-60). Petitioner did not therefore fairly present any claim that the evidence was insufficient because he could not burglarize his own home. Claim Eleven is unexhausted to the extent it asserts the evidence was insufficient because petitioner could not burglarize his own home.

IX. Claim Thirteen

In Claim Thirteen, petitioner asserts that the "trial court improperly instructed the jury on the law, in violation of [petitioner's] rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution." (ECF No. 35 at 63). Petitioner

challenges several specific instructions in this claim. Respondents argue that although petitioner challenged these instructions on direct appeal, he never argued that they violated his federal constitutional rights. Petitioner asserts it was clear he was arguing a violation of his right to a fair trial because he argued that the instructions were confusing, misleading and misstated the law and because he cited state court cases that evaluated whether the defendant's due process rights were violated.

Nothing in petitioner's direct appeal indicates that the claim he raised with respect to the jury instructions challenged in Claim Thirteen was a claim of a federal constitutional violation. Although petitioner cited *Crawford v. State*, 121 P.3d 582 (Nev. 2005) to the state courts, *Crawford* involved both federal and state issues and in fact was not even directly cited for the federal propositions discussed therein. This citation was not sufficient to raise a federal claim.

> [C]itation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue . . . [f]or a federal issue to be presented by the citation of a state decision dealing with both state and federal issues relevant to the claim, the citation must be accompanied by some clear indication that the case involves federal issues. Where ... the citation to the state case has no signal in the text of the brief that the petitioner raises federal claims or relies on state law cases that resolve federal issues, the federal claim is not fairly presented.

*Arrendondo v. Neven*, 763 F.3d 1122, 1138 (9th Cir. 2014). Claim Thirteen is therefore unexhausted.

X. Claim Fourteen

In Claim Fourteen, petitioner argues that "[t]rial counsel was ineffective for failing to effectively investigate [petitioner's] case and present a defense, in violation of [petitioner's] right to the effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution." (ECF No. 35 at 61). Specifically, petitioner argues that counsel failed to investigate the knife used in the killing and petitioner's mental health history. Respondents argue that Claim Fourteen is unexhausted. Petitioner did not present this claim before the Nevada Supreme Court in either his direct appeal or on appeal of his state habeas petition. (*See* Exs. 80 & 120).

Although the petition states otherwise, petitioner appears to concede that Claim Fourteen is unexhausted. (ECF No. 55 at 41). Claim Fourteen is therefore unexhausted.

### XI. Claim Fifteen

In Claim Fifteen, petitioner argues that "[t]rial counsel was ineffective for failing to seek suppression of items seized from a facially invalid search warrant, in violation of [petitioner's] right to the effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution." (ECF No. 35 at 64). Respondents argue that Claim Fifteen is unexhausted. Petitioner did not present this claim before the Nevada Supreme Court in either his direct appeal or on appeal of his state habeas petition. (*See* Exs. 80 & 120). Although the petition states otherwise, petitioner appears to concede that Claim Fifteen is unexhausted. (ECF No. 55 at 44). Claim Fifteen is therefore unexhausted.

### XII. Claim Seventeen

In Claim Seventeen, petitioner argues cumulative error based on all the constitutional violations alleged in the Third Amended Petition. (ECF No. 35 at 70). As several grounds of the petition will remain for consideration on the merits, the cumulative error claim survives to the extent that there are multiple procedurally viable claims following the motion to dismiss. The motion to dismiss Claim Seventeen as partially unexhausted will therefore be denied.

**Anticipatory Default**

Petitioner argues that many of his unexhausted claims are "technically exhausted." Petitioner argues that if he were to return to state court, the state courts would dismiss his petition as procedurally barred because he would not be able to demonstrate cause and prejudice to overcome the procedural bars in state court. Petitioner is therefore asserting the doctrine of anticipatory procedural default.

A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). While it is clear that petitioner would face several procedural bars if he were to return to state court, *see, e.g.*, Nev. Rev. Stat. §§ 34.726 & 34.810, Nevada has cause

and prejudice and fundamental miscarriage of justice exceptions to its procedural bars, which are substantially the same as the federal standards. If a petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the substantially similar federal and state standards, then petitioner cannot establish that "it is clear that the state court would hold the claim procedurally barred." For that reason, the courts in this district have generally declined to find a claim subject to anticipatory procedural default unless the petitioner represents that he would be unable to establish cause and prejudice in a return to state court. In such a case, the claim would generally be subject to immediate dismissal as procedurally defaulted, as the petitioner would have conceded that he has no grounds for exception to the procedural default in federal court.

A different situation is presented, however, where the Nevada state courts do not recognize a potential basis to overcome the procedural default arising from the violation of a state procedural rule that is recognized under federal law. In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. *Id.* at 9. The Supreme Court of Nevada does not recognize *Martinez* cause as cause to overcome a state procedural bar under Nevada state law. *Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014). Thus, a Nevada habeas petitioner who relies upon *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred but that he nonetheless has a potentially viable cause-and-prejudice argument under federal law that would not be recognized by the state courts when applying the state procedural bars.

Here, petitioner advances only *Martinez* as a basis for excusing the procedural default of his claims. The Court thus reads petitioner's opposition as a concession that the only basis for cause as to any of the unexhausted claims would be *Martinez*, and

grants petitioner's request to consider his unexhausted claims as subject to anticipatory procedural default on that basis.

In *Martinez*, the Supreme Court created a narrow, equitable exception to the rule of *Coleman v. Thompson*, 501 U.S. 722 (1991) that attorney error cannot provide cause for a procedural default if a petitioner had no constitutional right to counsel in a proceeding in which the default occurred. In *Martinez*, the Supreme Court held that in some cases a petitioner can establish cause for a procedural default where his or her post-conviction counsel failed to raise a substantial claim of ineffective assistance of trial counsel in initial-review collateral proceedings. 566 U.S. at 16-17. *Martinez* does not supply cause to excuse the procedural default of a substantive claim of trial court error. *See id. Martinez* also does not supply cause to excuse the procedural default of an ineffective assistance of appellate counsel claim. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).

As an initial matter, petitioner does not ask the Court to find Claim Thirteen procedurally defaulted. Accordingly, the Court does not find Claim Thirteen procedurally defaulted. It is only unexhausted.

Claims One, Five and Eleven, to the extent they are unexhausted, present substantive claims that cannot be saved by *Martinez*. 566 U.S. at 16-17. Claim One and the unexhausted portions of Claims Five and Eleven will therefore be dismissed, with prejudice, as procedurally defaulted.

Claim Eight was raised by petitioner's appointed counsel in the state post-conviction petition. (Ex. 111 at 2). Thus, the only argument petitioner can make is that post-conviction counsel was ineffective for failing to raise the claim again on appeal. *Martinez* applies only to ineffective assistance in initial-review collateral proceedings and cannot supply cause where the alleged ineffective assistance was on appeal of a state habeas petition. *Martinez*, 566 U.S. at 16 ("The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings."); *see also Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1295 (9th

Cir. 2013). *Martinez* therefore cannot supply cause for the procedural default of Claim Eight. Claim Eight must be dismissed as procedurally defaulted.

Claims Two, Six, Fourteen and Fifteen are claims of ineffective assistance of trial counsel, which can potentially be saved by *Martinez*. Because the question of whether any of these present "substantial" claims of ineffective assistance of trial counsel is intertwined with the merits of the case, the Court defers the cause and prejudice analysis as to Claims Two, Six, Fourteen and Fifteen until the time of the merits determination.

**Options on a Mixed Petition**

As just noted, there remains one unexhausted claim in the petition: Claim Thirteen. A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed petition" containing both exhausted and unexhausted claims is subject to dismissal. *Id.* Because petitioner's petition is mixed, he has three options:

1. File a motion to dismiss seeking partial dismissal of only the unexhausted claims;

2. File a motion to dismiss the entire petition without prejudice in order to return to state court to dismiss the unexhausted claims; and/or

3. File a motion for other appropriate relief, such as a motion for a stay and abeyance asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust the unexhausted claims.

**Conclusion**

In accordance with the foregoing, IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 51) is GRANTED IN PART and DENIED IN PART as follows:

    (1)    Claim Two is timely;

    (2)    Claims Three and Seven are exhausted;

14

(3) Claims One, Two, Five (in part), Six, Eight, Eleven (in part), Thirteen, Fourteen, and Fifteen are unexhausted;

(4) Claim One, Claim Eight, and the unexhausted portions of Claims Five and Eleven are procedurally defaulted and therefore DISMISSED WITH PREJUDICE;

(5) The Court defers consideration of whether petitioner has established cause pursuant to *Martinez* and prejudice as to Claims Two, Six, Fourteen and Fifteen.

IT IS FURTHER ORDERED that petitioner's motion for leave to file excess pages (ECF No. 56) is GRANTED.

It is further ordered that petitioner shall have thirty (30) days from entry of this order within which to file either: (1) a motion to dismiss seeking partial dismissal only of the unexhausted claim (Claim Thirteen); (2) a motion to dismiss the entire petition without prejudice in order to return to state court to dismiss the unexhausted claim (Claim Thirteen); and/or (3) other appropriate relief, such as a motion for a stay and abeyance asking this Court to hold his exhausted and/or procedurally defaulted claims in abeyance while he returns to state court to exhaust Claim Thirteen. The entire petition will be dismissed without prejudice for lack of complete exhaustion if a motion as provided for herein is not timely mailed for filing.

IT IS SO ORDERED.

DATED this 8th day of June, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE